CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

SEP 04 2025

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| UNITED STATES OF AMERICA | ) | Case No. 7:25CR37 |
|---|---|---|
| v. | ) | **INDICTMENT** |
| JACOB RYAN BARNETT, | ) | In violation of: |
|  | ) | 18 U.S.C. § 2251 |
| Defendant. | ) | 18 U.S.C. § 2422 |

The Grand Jury charges:

## COUNT ONE
*Attempted Coercion and Enticement of a Minor*

1. From on or about May 18, 2025, to on or about May 20, 2025, in the Western District of Virginia and elsewhere, the defendant, JACOB RYAN BARNETT, did use a facility and means of interstate and foreign commerce to knowingly attempt to persuade, induce, entice, and coerce Minor Victim, an individual less than 18 years old, to engage in sexual activity for which any person could be charged with a criminal offense, including the production of child pornography, as defined in 18 U.S.C. §§ 2251 and 2256(8).

2. All in violation of 18 U.S.C. §§ 2422(b) and 2427.

## COUNT TWO
*Attempted Sexual Exploitation of a Child*

3. On or about May 20, 2025, in the Western District of Virginia and elsewhere, the defendant, JACOB RYAN BARNETT, did attempt to employ, use, persuade, induce, entice, and coerce Minor Victim, an individual less than 18 years old, to engage in sexually

explicit conduct for the purpose of producing a visual depiction of such conduct, where the defendant knew and had reason to know that the visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

4.  All in violation of 18 U.S.C. § 2251(a), (e).

## NOTICE OF FORFEITURE

5.  The allegations contained in Counts One and Two of this Indictment are realleged and incorporated by reference for the purpose of this forfeiture allegation.

6.  Upon any conviction of violations of 18 U.S.C. § 2251, as alleged in this Indictment, the defendant, JACOB RYAN BARNETT, shall forfeit to the United States:

   a.  Pursuant to 18 U.S.C. § 2253(a)(1): Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of 18 U.S.C. Chapter 110.

   b.  Pursuant to 18 U.S.C. § 2253(a)(2): Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense.

    c.    Pursuant to 18 U.S.C. § 2253(a)(3): Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

7.    Upon any conviction of violations of 18 U.S.C. §§ 2422, as alleged in this Indictment, the defendant, JACOB RYAN BARNETT, shall forfeit to the United States:

    a.    Pursuant to 18 U.S.C. § 2428(b)(1)(A): Any property, real or personal, used or intended to be used to commit or to facilitate the commission of the violation.

    b.    Pursuant to 18 U.S.C. § 2428(b)(1)(B): Any property, real or personal, that constitutes or is derived from proceeds traceable to the violation.

8.    The property to be forfeited includes, but is not limited to, the following:

    a.    An Apple iPhone 16, with serial number DGM60QWDKW.

9.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

A **TRUE BILL**, this 4TH day of September, 2025.

/s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

ROBERT N. TRACCI
Acting United States Attorney