**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**
**CRIMINAL MINUTES – SENTENCING HEARING**

**Case No.:  7:25cr37**                                    **Date:  7/27/2026**

**Defendant:  Jacob Ryan Barnett**                    **Counsel:  Heidi Bohn, FPD**

**PRESENT**:          Judge:                    Robert S. Ballou
                     Deputy Clerk:             Kelly Brown
                     Court Reporter:           M. Butenschoen
                     U. S. Attorney:           Drew Inman
                     USPO:                     Miranda Hilton
                     Case Agent:               Ryan Kennedy, FBI

**TIME IN COURT**:  10:12-12:07, Recess. 12:25-12:51.  Total: 2h 21m

**PROCEEDINGS:**

☒          Court inquires as to Objection(s) to Presentence Report made by ☐ USA  ☒ Deft.  Argument. Rebuttal.
           ☒  Court overrules Objection(s) as stated on the record. ☒  Court grants Objection(s) as to special
           condition #4 and it will be amended as requested in DE68-2 to read:
           4) The defendant shall not use any computer, cellular telephone, Internet-capable device,
           GPS device or other device to contact a minor, gather information about a minor, or
           locate a minor. This condition does not apply to minor family members or who have
           familial relationships with relatives of the defendant.

☒          No evidence presented.

☒          Argument.

☒          Court adopts Presentence Report.

☒          Court accepts Plea Agreement.

☒          Defendant Motion for Downward Variance.
           ☒  Court grants.          ☐  Court denies.

☒          Allocutions.

**SENTENCE IMPOSED AS FOLLOWS**:
CBOP:  Ct. 2,  240 months
SR:       5 years - comply w/Standard, Mandatory & Special Conditions.
              ☐          Mandatory drug testing suspended.
SA:       $100.00 due immediately.

**COURT RECOMMENDS AS FOLLOWS**:
           ☒          That Defendant receive appropriate sex offender treatment and SOMP (Sex Offender Management
                     Program at FCI Petersburg), and mental health treatment while imprisoned.
           ☒          That Defendant be designated to FCI Petersburg, or a facility closest to home within his security
                     classification.

**MANDATORY CONDITIONS OF SUPERVISION**:
1) You must not commit another federal, state, or local crime.
2) The drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
3) You must cooperate in the collection of DNA as directed by the probation officer.
4) You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

**STANDARD CONDITIONS OF SUPERVISION**:

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of the change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

**SPECIAL CONDITIONS OF SUPERVISION** (Check applicable conditions):

1) Must reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons.
2) Must submit his or her person, property, house, residence, vehicle, papers, [computers as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media], or office, to searches conducted by a United States Probation Officer. Failure to submit to searches may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct searches pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his or her supervision and that the areas to be searched contain evidence of this violation.

**Sex Offender Conditions**

1) The defendant shall have no contact, direct or indirect, with any victim identified in the presentence report, or any victim's family member.
2) The defendant shall have no contact, or communicate, directly or indirectly, with persons less than 18 years of age ("minors"). This includes communication by any means, including verbal, written, telephonic, electronic, or other communications. The prohibition against communication with minors is intentionally wide-ranging, encompassing the transmission of any information, whether by audio, video, digital or other means. It includes, but is not limited to, any communications via the Internet, cellular phone, any cellular phone or computer application, text message, social media, social networking website, blog, peer to peer file sharing network or other method. This provision does not encompass incidental contact with minors working as waiters, cashiers, ticket vendors, and similar service positions with whom the defendant must deal with to obtain ordinary and usual commercial services.
3) However, the defendant is authorized contact with minors 1) who are relatives of the defendant; 2) who have familial relationships with relatives of the defendant; or 3) who have been identified and approved by the U.S. Probation Officer. The contact may occur only in the presence of another adult and with the prior approval of the probation officer. In considering approval of such contact, the probation officer should make an individualized inquiry and a particularized showing of need for the condition.
*4) The defendant shall not use any computer, cellular telephone, Internet-capable device, GPS device or other device to contact a minor, gather information about a minor, or locate a minor. This condition does not apply to minor family members or who have familial relationships with relatives of the defendant.
5) The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors without prior approval of the probation officer. The defendant may not engage in an activity that involves being in a position of trust or authority over any minor.
6) The defendant shall submit to periodic polygraph testing or any other court approved testing to monitor the defendant's compliance while on supervision.
7) The defendant shall submit to an evaluation/risk assessment by a qualified mental health professional, approved by the probation officer, who is experienced in the treatment of sexual offenders. If deemed appropriate by the qualified mental health professional, the evaluation may include psychological and physiological testing (i.e. plethysmograph exams).
8) The defendant must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program with (provider, location, modality, duration, intensity, etc.).
9) The defendant must participate in plethysmograph testing as part of the required participation in a sex offense-specific assessment and/or treatment.
10) The defendant must participate in visual response testing as part of the required participation in a sex offense-specific assessment and/or treatment.
11) The defendant must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256).
12) The defendant shall notify the probation officer of any changes in employment within 72 hours. The defendant shall not obtain employment in any capacity that violates the local or state sex offender registry in which they reside, are employed, or are a student.
13) The defendant shall not reside or loiter within 100 feet of any parks, school property, playgrounds, arcades, amusement parks, daycare centers, swimming pools, community recreation fields, zoos, youth centers, carnivals, circuses, or other places that are primarily used or can reasonably be expected to be used by minors.
14) The defendant shall notify employers, family members, and others with whom the defendant has regular contact of the Court ordered conditions of supervision and that the defendant is under the supervision of the United States Probation Office.

Cybercrime Management

15) The defendant is ordered to participate in cybercrime management and will inform the probation officer of all computer devices possessed or accessible to him/her. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. The defendant will not acquire or access any new or additional computer devices unless approved by the probation officer. The defendant will also inform the probation officer of all his/her computer devices, internet service providers (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that the defendant creates or receives additional user accounts.

16) The defendant is permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the U.S. Probation Office to configure, manage, and install monitoring software on all approved standard computer devices. Standard computer device(s) are limited to those that can be configured, managed, and monitored by the probation officer. The configuration, management, and monitoring of the standard computer devices shall be specific to the defendant's Court-ordered conditions, risk and needs, and cybercrime management requirements.

17) The defendant's use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) is restricted to legitimate and necessary purposes. Examples of legitimate and necessary use are employment, education, religious activities, treatment services, medical services, communication with friends/family and attorney, personal finance, and legal obligations.

18) Full responsibility: The defendant is responsible for all computer monitoring and/or management costs for approved computer devices.

19) The defendant must allow the U.S. Probation Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by the defendant. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

**<u>ADDITIONAL RULINGS</u>**:

☒ Order of Forfeiture shall be made as part of the judgment in this case.  DE52, 12/8/2025
☒ Count(s) 1 dismissed on Government Motion.
☒ Defendant advised of right to appeal.
☒ Defendant remanded to custody.

**<u>Additional Information</u>**:

Parties present and represented by counsel.

Defendant remains satisfied with the advice and counsel of his attorney.

Defendant has gone through all conditions of SR and Sex Offender conditions with the defendant and states deft understands all.

Fine waived.

Adjourned.